UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
MELISSA GENERAL,

                Plaintiff,         07-CV-6159

       v.                             **DECISION**
                                            **and ORDER**
CENTER FOR DISABILITY RIGHTS,

                Defendant.
_____

## **INTRODUCTION**

Plaintiff Melissa General ("Plaintiff"), brings this action pursuant to Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000(e), et seq. ("Title VII") claiming that she was sexually harassed and subjected to a hostile work environment while in the employ of defendant Center for Disability Rights ("CDR" or "Defendant"), and then unlawfully terminated by Defendant, in violation of Title VII.

Defendant now moves to extend the deadline to file dispositive motions as set forth in a scheduling order pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, and for summary judgment pursuant to Rule 56 of the Federal Rules on grounds that Plaintiff can not establish a *prima facie* case of sexual discrimination and/or harassment under Title VII. Plaintiff opposes Defendant's motion to amend the scheduling order, and in the alternative, requests an additional 30 days to respond to CDR's motion for summary judgment.

For the reasons set forth below, Defendant's motion to extend the deadline to file dispositive motions is granted, and Plaintiff is afforded an additional 30 days within which to respond to Defendant's summary judgment motion.

**BACKGROUND**

In July 2009, Defendant filed a motion for extension of time to complete discovery as set forth in the Court's scheduling order. (Docket No. 13). Defendant had apparently misconstrued the deadlines in the original scheduling order, and the case was not properly transferred after the attorney handling the matter left defense counsel's firm. (See id.). Oral argument was held before Magistrate Judge Jonathan W. Feldman ("Judge Feldman") on October 21, 2009. (Docket No. 19). At that time, Plaintiff indicated she did not oppose a 60-day extension of time to complete fact discovery, but was opposed to an extension of the dispositive motion deadline (which had expired in December 2008). (Docket No. 20).

Judge Feldman extended the time for the parties to complete fact discovery for 60 days, or until December 21, 2009, and instructed CDR that if it intended to file a motion to extend the deadline to file dispositive motions, such a motion would have to be made to this Court. (Id.). Thereafter, by letter Order dated December 17, 2009, the December 21, 2009 discovery deadline was extended to February 22, 2010 due to the parties' inability to

2

conduct Plaintiff's deposition. (Docket No. 21). Plaintiff's deposition was taken in February 2010. On May 19, 2010, Defendant filed the instant motion to amend the scheduling order to extend the time to file dispositive motions contending that CDR was precluded from making a viable motion for summary judgment until discovery was complete, namely Plaintiff's deposition. At the same time, Defendant moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Plaintiff sought an additional 30 days to respond to the Defendant's motions, (Docket No. 28), but then only opposed CDR's request to extend the dispositive motion deadline.

## DISCUSSION

### I. Standard to Modify a Scheduling Order

Rule 16(b)(4) provides that "a schedule may be modified only for good cause and with the judge's consent". A finding of "good cause" depends on the diligence of the moving party to comply with the scheduling order. See Parker v. Columbia Pictures Industries, 204 F.3d 326, 340 (2d Cir. 2000). Although diligence is the primary consideration for the court when determining whether to extend a deadline, it is not, however, the only consideration. Kassner v. 2nd Avenue Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007). "The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment [] at this

stage of the litigation will prejudice [the other party]." Id.; accord, Fuller v. Summit Treestands, LLC, 2009 WL 483188, *6 (W.D.N.Y. 2009); see also, Cole v. Fischer, 2010 WL 681064, *3 (W.D.N.Y. 2010) (granting defendants' motion to extend the deadline to file dispositive motions after the deadline in the scheduling had passed).

Although Defendant should not have to be reminded that a "[s]cheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril," Ens-Hatcher v. Sprint Nextel Corp., 2008 WL 4104015, *1 (S.D.N.Y. 2008), it appears here that neither party strictly adhered to the deadlines of Judge Feldman's twice-amended scheduling order. Nevertheless, Plaintiff has not demonstrated that she will be prejudiced by an extension at this stage in the litigation, and therefore, Defendant's motion to extend the deadline for dispositive motions is granted. See Fuller, *supra*; Cole, *supra*.

## CONCLUSION

Accordingly, Defendant's motion to extend the deadline for filing dispositive motions is granted, and the deadline to file dispositive motions is extended *nunc pro tunc* to allow the filing of Defendant's motion for summary judgment to be considered timely. Plaintiff shall have 30 days from the date of this Order within which to submit her opposition to Defendant's motion for summary judgment.

4

Defendant shall file its reply papers within 10 days of the Plaintiff's filing of her opposition papers. The matter shall be deemed submitted to the Court on November 3, 2010.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca<br>Michael A. Telesca<br>United States District Judge

DATED:  Rochester, New York
        September 17, 2010